IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TODD MICHAEL TOMASELLA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-771-N-BN |
| | § | |
| DIVISION OF CHILD SUPPORT, | § | |
| ET AL, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Todd Michael Tomasella f/k/a Todd Micha-El of the Family Tomasella filed a *pro se* civil rights complaint implicating state court child support proceedings. *See* Dkt. No. 2. His action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action without prejudice for lack of subject matter jurisdiction.

**Applicable Background**

Tomasella brings claims against multiple state officials – the Texas Attorney General, two state judges, a state district court clerk, and a county sheriff – and multiple state entities, including the "Division of Child Support," which appears to be a department within the Office of Texas Attorney General. Although his claims are packaged as civil rights violations, they appear to arise from proceedings in the 86th

District Court of Kaufman County, Texas – *Rebecca Tomasella vs. Todd Tomasella*, Case No. 55963 (filed Nov. 24, 1999), and *In The Interest Of: Micah David Tomasella, Rebecca Tomasella vs. Todd Michael Tomasella*, Case No. 61378 (filed Sept. 18, 2002).

Recognizing that the Court likely lacked subject matter jurisdiction over Tomasella's claims, the Court ordered that he file no later than April 29, 2019 a written response to show the Court that it has subject matter jurisdiction over this lawsuit. *See* Dkt. No. 6. Tomasella filed his response on April 23, 2019. *See* Dkt. No. 7.

## Legal Standards and Analysis

Federal courts have an independent duty to examine their own subject matter jurisdiction, *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999), particularly when – as is the case here – a plaintiff's complaint fails to make it apparent that subject matter jurisdiction exists.

The federal courts' jurisdiction is limited, and federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. Because Tomasella chose to file his lawsuit in federal court, it is his burden to establish federal jurisdiction. *See Butler v. Dallas Area Rapid Transit*, ___ F. App'x ____, No. 18-10262, 2019 WL 1410726, at *1 (5th Cir. Mar. 27, 2019) (per curiam) ("[A]ssertions [that] are conclusory [ ] are insufficient to support [an] attempt to establish subject-matter jurisdiction." (citing *Evans v. Dillard Univ.*, 672 F. App'x 505, 505-06 (5th Cir. 2017) (per cuiam); *Jeanmarie v. United States*, 242 F.3d 600, 602 (5th Cir. 2001))). And if he does not, this

lawsuit must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332(a), (b).

Federal question jurisdiction under 28 U.S.C. § 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

Tomasella's claims, rooted in state family court proceedings, implicate "the *Rooker-Feldman* doctrine" – "a narrow jurisdictional bar ... designed to prevent lower federal courts from exercising jurisdiction over matters that are exclusively reserved

for Supreme Court review under 28 U.S.C. § 1257." *Gross v. Dannatt*, 736 F. App'x 493, 494 (5th Cir. 2018) (per curiam) (citing *Lance v. Dennis*, 546 U.S. 459, 464, 463 (2006) (per curiam); citation omitted). Put differently, federal-court authority to review a state court's judgement lies exclusively with the United States Supreme Court. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005) ("Because § 1257, as long interpreted, vests authority to review a state court's judgment solely in this Court, the District Courts in *Rooker* and *Feldman* lacked subject-matter jurisdiction." (citations omitted)); *see also Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986) ("Judicial errors committed in state courts are for correction in the state court systems, at the head of which stands the United State Supreme Court.").

Under this doctrine, a federal district court lacks jurisdiction to consider "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon,* 544 U.S. 280 at 284; *see Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) ("under [*Rooker-Feldman*] a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights" (citing *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923))); *Houston v. Queen*, 606 F. App'x 725, 730 (5th Cir. 2015) (stating that there are four elements to the *Rooker-Feldman* doctrine: "(1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court

proceeding began; and (4) federal suit requests review and reversal of the state-court judgment."); *see also Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) ("'Reduced to its essence, the *Rooker-Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments' except when authorized by Congress." (quoting *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004))).

"A plaintiff cannot 'circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief,' if these claims are 'inextricably intertwined with a state judgment.'" *Turner v. Cade*, 354 F. App'x 108, 111 (5th Cir. 2009) (per curiam) (quoting *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994); citation and internal quotation marks omitted).

The United States Court of Appeals for the Fifth Circuit has "held 'that litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits'" and that, moreover, "[t]he only federal recourse for constitutional questions arising in state court proceedings is application for writ of certiorari to the United States Supreme Court." *Id.* (quoting *Hale*, 786 F.2d at 690-91, then citing *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994)).

And courts in this circuit have "consistently applied the *Rooker-Feldman* doctrine as a bar to federal jurisdiction over matters related to the family disputes of divorce and child support." *Evans v. Williamson Cnty. Gov't*, No. A-15-CV-436-SS, 2015 WL 4621449, at *4 (W.D. Tex. May 28, 2015) (collecting cases), *rec. accepted*, 2015 WL

4624708 (W.D. Tex. July 31, 2015); *see, e.g.*, *McCormick v. Dempster*, 82 F. App'x 871, 2003 WL 22922312, at *1 (5th Cir. Dec. 9, 2013) (per curiam) (affirming "dismissal for lack of subject matter jurisdiction[, under *Rooker-Feldman*,] of [a *pro se* plaintiff's] 42 U.S.C. § 1983 action, in which she asserted that her due process rights were violated by a state court's entry of a child custody order and another state court's enforcement of that order"); *Glatzer v. Chase Manhattan Bank*, 108 F. App'x 204, 2004 WL 2091406, at *1 (5th Cir. Sept. 20, 2014) (per curiam) (affirming "the district court's application of the *Rooker-Feldman* doctrine" to a plaintiff's constitutional claims implicating a California custody and child support order because those claims were "inextricably intertwined with the state court order" (citations omitted)); *but cf. Gross*, 2018 WL 4223518, at *2 (noting that the related domestic relations exception to federal jurisdiction only applies where "claims for relief ... require the court to issue [ ] 'divorce, alimony, or child custody decrees'" and does not apply to, for example, "claims surrounding the breach of a prenuptial agreement" (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 701, 704 (1992))).

Tomasella's response to the Court's order that he establish subject matter jurisdiction – which laid out these standards – does not address these principles. Instead, he states, in substance:

> Please prove that my Constitutionally protected rights were not violated. Please assign a judge who knows his job is to "do justice." (Micah 6:8) Was my sworn affidavit read? As you will see, my rights have been trampled, my life has been and is destroyed by these named defendants since 2001. The facts in my affidavit should make that more than obvious. They jailed me twice WHILE I was paying child support with no proof I could possibly pay more than I was paying. They refused to prove from my

income that I was able to pay $900 per month. They destroyed the familial bond between my son (only child) and I, taking him away from me, his father, with no evidence of abuse. Death row inmate Eric Williams, guilty of murdering 3 in Kaufman, was in the middle of this case. This has had lasting and continuing, present devastating consequences, including yet not limited to financial ruin, loss of my son/heritage, 16.5 months of incarceration and homelessness. If this isn't civil rights violation, what is?

Dkt. No. 7 at 2.

None of these assertions change the conclusion that this lawsuit is barred by the *Rooker-Feldman* doctrine.

## Recommendation

The Court should dismiss this action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 29, 2019

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE